IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRABON BERNARD CROCKER, | § | |
| SPN #00265542, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-4604 |
| | § | |
| SHERIFF ADRIAN GARCIA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

The plaintiff, Frabon Bernard Crocker (SPN #00265542, former TDCJ #1304330, #910068, #414802 & #291382), has filed this civil rights action under 42 U.S.C. § 1983 while in custody at the Harris County Jail. Crocker appears *pro se* and he seeks leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

### I.     BACKGROUND

Crocker's complaint stems from his arrest for aggravated robbery in 2004. Crocker was eventually indicted by a local grand jury and convicted following a trial in the 230th District Court for Harris County, Texas. Crocker insists that the arrest was "false" and that his conviction was based on a "mistaken identification" by his accuser. Crocker complains further that, during closing arguments on May 10, 2005, the prosecutor violated his constitutional rights by commenting on his failure to testify.

Crocker sues the Harris County Sheriff, a Houston police officer, the Chief of Police for the City of Houston, and the Executive Director for the Texas Department of Criminal Justice ("TDCJ"). Crocker alleges that these defendants conspired to obtain his false arrest and conviction in violation of his constitutional rights. Crocker seeks compensatory damages for his wrongful arrest and imprisonment. The Court concludes, however, that the complaint must be dismissed under the governing standard of review.

## II.  STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances. Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 328 (1989)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citation omitted)). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 29 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must

3

be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### III.   DISCUSSION

Liberally construed, Crocker seeks compensatory damages for his wrongful arrest and subsequent conviction on charges of aggravated robbery. To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Court records reflect that Crocker's aggravated robbery conviction was set aside on direct appeal. *See Crocker v. State*, 248 S.W.3d 299 (Tex. App. — Houston [1st Dist.] 2007, pet. ref'd) (finding that the prosecutor commented improperly on the defendant's failure to testify and that such error was not harmless). Although Crocker's claims are not barred by the ruling in *Heck*, his complaint is subject to dismissal for other reasons set forth more fully below.

Civil rights claims brought under 42 U.S.C. § 1983 are governed by the two-year statute of limitations provided by Texas law. *See Piotrowski v. City of Houston*, 237 F.3d

567, 576 (5th Cir. 2001); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a). This means that the plaintiff had two years from the time that his claims accrued to file a civil rights complaint concerning these allegations. *See Gonzalez v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998) (noting that a cause of action accrues, so that the two-year statute of limitations begins to run, when the plaintiff knows or has reason to know of the injury which is the basis of the action).

Crocker's primary claim in this case concerns allegations of false arrest. The United States Supreme Court has clarified that the "statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Crocker discloses that he was arrested for aggravated robbery in 2004 and convicted of those charges May of 2005. The statute of limitations commenced to run for purposes of a false-arrest claim once formal charges were filed. *See id.* To the extent that Crocker challenges conduct that occurred after his arrest, he was aware of his claims no later than August 30, 2007, when his aggravated robbery conviction was set aside on appeal.[1]

---

[1] As referenced above, Crocker's conviction was set aside in a published opinion entered on August 30, 2007, and the Texas Court of Criminal Appeals refused discretionary review on January 23, 2008.

The complaint in this case is dated November 11, 2010, which is well outside the two-year limitations period for the allegations that form the basis of Crocker's complaint.[2] Claims that are plainly barred by the applicable statute of limitations are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Gartell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  Because Crocker waited more than two years to file suit from the time his claims accrued, his complaint is untimely and subject to dismissal as frivolous. *See id.*

Alternatively, even if timely filed, Crocker's complaint against the Harris County Sheriff, Chief of Police, and the Executive Director for TDCJ must be dismissed because he does not show that any of these supervisory officials were personally involved in a constitutional violation.  *See Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). Likewise, to the extent that Crocker complains that a police officer arrested him on false charges, Crocker concedes that he was prosecuted pursuant to a grand jury indictment.  It is well settled that if facts supporting a search or an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for purposes of a Fourth Amendment violation, insulating the initiating party. *See Taylor v. Gregg*, 36 F.3d 453, 456-57 (5th Cir. 1994) (citing *Wheeler v. Cosden Oil and Chem. Co.*, 744 F.2d 1131, 1132 (5th Cir. 1984); *Thomas v. Sams*, 734 F.2d 185, 191 (5th Cir. 1984); *Smith v. Gonzales*, 670 F.2d 522, 526 (5th Cir. 1982); *Rodriguez v. Ritchey*, 556

---

[2] The Clerk's Office received the complaint on November 16, 2010, and it was filed the same day. Under the "mail-box rule," courts treat the date that a *pro se* prisoner deposits his pleadings in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

F.2d 1185, 1193 (5th Cir. 1977)); *see also De Angelis v. City of El Paso*, 265 F. App'x 390 (5th Cir. 2008). Finally, Crocker fails to state a claim concerning the comment on his failure to testify during his trial in 2005, because a statement of this kind (made by the prosecutor while presenting his case in open court) is shielded from liability by the doctrine of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). For these additional reasons, the complaint is without arguable merit and must be dismissed as frivolous.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's motion for leave to proceed *in forma pauperis* [Doc. # 2] is **GRANTED**.

2. Officials in charge of the Inmate Trust Fund are **ORDERED** to deduct funds from the inmate trust account of Frabon Crocker (SPN #00265542) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

3. The plaintiff's complaint is **DISMISSED** with prejudice as frivolous.

**The Clerk is directed to provide a copy of this order to the parties. The Clerk will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the Harris County Jail Inmate Trust Fund, Attn: Sergeant M.E. McKinney, 1200 Baker Street, Houston, Texas, 77002, phone: (713) 755-8436, fax: 713-755-4546; and (2) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson,**

**Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on  November 30 , 2010.

_____
Nancy F. Atlas
United States District Judge